1 | Robert L. Green (State Bar No. 122063)
rlgreen@greenhall.com
2 | Katherine V. Lizardo, Esq. (State Bar No. 239290)
klizardo@greenhall.com
3 | Lawrence J. Luppi (State Bar No. 272211)
lluppi@greenhall.com
4 | GREEN & HALL, A PROFESSIONAL CORPORATION
1851 East First Street, 10th Floor
5 | Santa Ana, California 92705-4052
Telephone: (714) 918-7000
6 | Facsimile: (714) 918-6996

7 | Attorneys for Defendants
GLOBALINX PET, LLC and GLOBALINX
8 | CORPORATION

9 | **UNITED STATES DISTRICT COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA**

11

12 | JENNIFER HOLT, individually and on behalf of all others similarly situated,

Case No. SACV13-0041 DOC (JPRx)

13 | Plaintiffs,

JUDGE: Hon. David O. Carter
DEPT: 9D

14

15 | vs.

**NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

16 | GLOBALINX PET LLC and GLOBALINX CORPORATION (both doing business as Kingdom Pets), and

17 | DOES 1-10,

18 | Defendants.

[Motion to Dismiss Plaintiff's Complaint and [Proposed] Order Filed Concurrently Herewith]

19

20 | DATE: March 25, 2013
TIME: 8:30 a.m.

21 | DEPT: 9D

22 | Complaint Filed:   January 16, 2013

23 | **TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

24 |      **PLEASE TAKE NOTICE** that on Monday, March 25, 2013 at 8:30 A.M., or

25 | as soon thereafter as the matter may be heard in Department 9D of the above-

26 | referenced Court, located at 411 West Fourth Street, Santa Ana, California 92701,

27 | Defendants Globalinx Pet LLC and Globalinx Corporation (hereinafter collectively

28 | referred to as "Defendants") will and hereby do move to strike portions of Plaintiff

Jennifer Holt's ("Plaintiff") Complaint regarding her predominantly nationwide class allegations pursuant to Federal Rule of Civil Procedure 12(f).

Specifically, Defendants request that the following allegations be stricken from the Complaint:

**Paragraph 47:**

"The class consists of all persons in the United States (except Louisiana and Puerto Rico) who purchased any dog treat product containing chicken jerky manufactured or sold by defendants and containing chicken imported from China, on or after a date four years prior to the filing of this action."

**Paragraph 59:**

"The class consists of all persons in the United States (except Louisiana and Puerto Rico) who purchased any dog treat product containing chicken jerky manufactured or sold by defendants and containing chicken imported from China, on or after a date four years prior to the filing of this action."

**Paragraph 71:**

"The class consists of all persons who purchased any dog treat product containing chicken jerky manufactured or sold by defendants and containing chicken imported from China, on or after a date three years prior to the filing of this action."

**Paragraph 72:**

"The subclass consists of class members whose dogs suffered harm or death due to the consumption of defendants' products."

**Paragraph 77(c):**

"WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class, and against defendants, for: attorney's fees[.]"

**Paragraph 85:**

"The class consists of all persons who purchased any dog treat product containing chicken jerky manufactured or sold by defendants and containing

2

1   chicken imported from China, on or after a date four years prior to the filing of
2   this action."

3   **Paragraph 98:**

4   "Plaintiff brings this claim, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), on
5   behalf of a class of all persons who purchased any dog treat product containing
6   chicken jerky manufactured or sold by defendants and containing chicken
7   jerky manufactured or sold by defendants and containing chicken imported
8   from China, on or after a date four years prior to the filing of this action,
9   whose dogs suffered harm or death due to the consumption of defendants'
10  products."

11  **Paragraph 111:**

12  "The class consists of all persons who purchased any dog treat product
13  containing chicken jerky manufactured or sold by defendants and containing
14  chicken imported from China, on or after a date four years prior to the filing of
15  this action, whose dogs suffered harm or death due to the consumption of
16  defendants' products."

17  **Paragraph 124:**

18  "The class consists of all person who purchased any dog treat product
19  containing chicken jerky manufactured or sold by defendants and containing
20  chicken imported from China, on or after a date four years prior to the filing of
21  this action, whose dogs suffered harm or death due to the consumption of
22  defendants' products."

23  Defendants' Motion is based on the following grounds: First, maintaining a
24  predominantly national class and applying California law to non-California parties
25  would violate the Fourteenth Amendment's Due Process Clause.  Second, it would
26  run afoul of the Commerce Clause.  Third, it would not comport with the Full Faith
27  and Credit Clause.  Accordingly, this Court should strike the class allegations in
28  Plaintiff's Complaint.

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1    Additionally, Plaintiff's request for attorney's fees in connection with her

2  fraud cause of action is deficient for the simple reason that Plaintiff offers no

3  contractual or statutory authority by which attorney's fees could be obtained.

4    This Motion is made following the conference of counsel, pursuant to Central

5  District of California Local Rule 7-3, which took place on February 14, 2013.

6    The Motion is based on this Notice; the accompanying Memorandum of Points

7  and Authorities in support thereof; the pleadings and the records on file herein; and

8  such further written and oral evidence and argument as may be presented at the time

9  of the hearing.

10

11  Dated:  February 21, 2013                    GREEN & HALL, A PROFESSIONAL
                                                CORPORATION

12

13

14                                          By:  /s/ Robert L. Green
                                                Robert L. Green
15                                              Attorneys for Defendants
                                                GLOBALINX PET, LLC and
16                                              GLOBALINX CORPORATION

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

S:\Holt.Globalinx\Pleading\Mtn.Strike\Mtn.Strike.doc

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION .................................................................................. v

II.    FACTUAL ALLEGATIONS ................................................................. 2

III.   PLAINTIFF'S CLASS ALLEGATIONS ARE
       UNCONSTITUTIONAL ........................................................................ 3

       A.   Legal Standard On Motion To Strike ........................................... 3

       B.   Plaintiff's Proposed Nationwide Class Does Not Comport With
            The Fourteenth Amendment's Due Process Clause ...................... 4

            1.   California law substantively conflicts with other states'
                 laws with regard to Plaintiff's claims ................................ 6

                 a.   Unlike California, many jurisdictions prohibit
                      individuals from bringing warranty and
                      negligence claims in a product defect suit .............. 6

                 b.   California's express warranty law conflicts with
                      laws from other states ............................................ 7

                 c.   California's common law of fraud conflicts with
                      the common law in other states ............................... 8

                 d.   Unlike many other states, California does not
                      recognize unjust enrichment as a freestanding
                      cause of action ..................................................... 9

                 e.   California's strict liability jurisprudence conflicts
                      with other states' laws ......................................... 10

            2.   Insufficient contacts exist to apply California law to all
                 claims nationwide ............................................................ 11

            3.   Applying California law denies non-residents the option
                 of suing under their states' laws ....................................... 13

       C.   Plaintiff's Proposed Nationwide Class Violates The Commerce
            Clause ......................................................................................... 13

       D.   Plaintiff's Proposed Classes Violate The Full Faith And Credit
            Clause ......................................................................................... 14

IV.    THE PRAYER FOR ATTORNEY'S FEES SHOULD BE STRICKEN
       ABSENT A VIABLE STATE LAW CLAIM ........................................ 15

V.     PLAINTIFF'S COMPLAINT VIOLATES LOCAL RULE 23-2.2(g) ...... 16

VI.    CONCLUSION .................................................................................... 16

v

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Altman v. PNC Mortg.*
  850 F.Supp.2d 1057 (E.D. Cal. 2012) .................................................... 15, 16

*Anderson v. Owens-Corning Fiberglas Corp.*
  53 Cal.3d 987, 281 Cal.Rptr.528 (1991) .................................................. 10

*Birchfield v. Int'l Harvester Co.*
  726 F.2d 1131 (6th Cir. 1984) ............................................................... 10

*BMW of North America, Inc. v. Gore*
  517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996) ........................... 14

*Cole v. General Motors Corp.*
  484 F.3d 717 (5th Cir. 2007) ................................................................... 7

*Fisher v. Yates*
  953 S.W.2d 370 (Tex. App. 1997) ............................................................ 9

*Foiles v. Midwest Street Rod Ass'n*
  578 N.W.2d 418 (Neb. 1998) .................................................................... 8

*Forcellati v. Hyland's, Inc.*
  876 F.Supp.2d 1155 (C.D. Cal. 2012) ....................................................... 9

*Franchise Tax Bd. of California v. Hyatt*
  538 U.S. 488, 123 S.Ct. 1683, 155 L.Ed.2d 702 (2003) ........................... 15

*Gen. Tel. Co. of Southwest v. Falcon*
  457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982) .............................. 4

*Healy v. Beer Inst., Inc.*
  491 U.S. 324 n. 1, 109 S.Ct. 2491, 105 L.Ed.2d 275 (1989) ............... 13, 14

*Hempy v. Breg, Inc.*
  No. 2:11-CV-900, 2012 WL 380119 (S.D. Ohio Feb. 6, 2012) .................... 7

*Hendricks v. Callahan*
  972 F.2d 190 (8th Cir. 1992) .................................................................... 7

*Horvath v. LG Electronics Mobilecomm U.S.A., Inc.*
  No. 3:11-CV-01576-H-RBB, 2012 WL 2861160 (S.D. Cal. Feb. 13,
  2012) ...................................................................................................... 8

*In re Graphics Processing Units Antitrust Litigation*
  527 F.Supp.2d 1011 (N.D. Cal. 2007) .............................................. 5, 6, 11

*In re Sch. Asbestos Litig.*
  977 F.2d 764 (3d Cir. 1992) .................................................................... 13

NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

S:\Holt.Globalinx\Pleading\Mtn.Strike\Mtn.Strike.doc

# TABLE OF AUTHORITIES (cont.)

<u>Page(s)</u>

*In re Tobacco II Cases*
     46 Cal.4th 298, 93 Cal.Rptr.3d 559 (2009) ................................. 8

*Johnson v. Honeywell Int'l, Inc.*
     179 Cal.App.4th 549, 101 Cal.Rptr.3d 726 (2009) ................... 10

*Keilholtz v. Lennox Hearth Products, Inc.*
     268 F.R.D. 330 (N.D. Cal. 2010) ........................................... 9

*Macias v. Saberhagen Holdings, Inc.*
     282 P.3d 1069 (Wash. 2012) ................................................. 7

*Mazza v. American Honda Motor Co.*
     666 F.3d 581 (9th Cir. 2012) ................................................. 9

*Mendoza v. Ruesga*
     169 Cal.App.4th 270, 86 Cal.Rptr.3d 610 (2008) ..................... 8

*Norwest Mortgage, Inc. v. Superior Court*
     72 Cal.App.4th 214, 85 Cal.Rptr.2d 18 (1999) ...................... 12

*Olson v. Prosoco, Inc.*
     522 N.W.2d 284 (Iowa 1994) .......................................... 10, 11

*Overstreet v. Norden Laboratories, Inc.*
     669 F.2d 1286 (6th Cir. 1982) ............................................. 7

*Oxford v. Williams Companies, Inc.*
     137 F.Supp.2d 756 (E.D. Tex. 2001) ................................... 10

*Pac. Employers Ins. Co. v. Indus. Accident Comm'n*
     306 U.S. 493, 59 S.Ct. 629 (1939) ...................................... 13

*Phillips Petroleum Co. v. Shutts*
     472 U.S. 797, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985) .............. 4, 5, 6, 11, 13, 15

*Sanders v. Apple, Inc.*
     672 F.Supp.2d 978 (N.D. Cal. 2009) .................................. 8, 9

*Sidney-Vinstein v. A.H. Robins Co.*
     697 F.2d 880 (9th Cir. 1983) ............................................... 4

*Simon v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*
     482 F.2d 880 (5th Cir. 1973) ............................................... 8

*Speed Fastners, Inc. v. Newsom*
     382 F.2d 395 (10th Cir. 1967) ............................................. 8

*Vinole v. Countrywide Home Loans, Inc.*
     571 F.3d 935 (9th Cir. 2009) ............................................... 4

# TABLE OF AUTHORITIES (cont.)

**Page(s)**

*Weinstat v. Dentsply Int'l, Inc.*
  180 Cal.App.4th 1213, 103 Cal.Rptr.3d 614 (2010) .................................................. 8

**Constitution**

U.S. Const. amend. XIV, § 1 .................................................................................... 4

U.S. Const. art. I, § 8, cl. 3 ..................................................................................... 13

U.S. Const. art. IV, § 1 ........................................................................................... 15

**Statutes**

Cal. Bus & Prof. Code § 17200 ................................................................................ 5

Cal. Civ. Proc. Code § 1021 ................................................................................... 16

UCC § 2-313 ............................................................................................................. 7

**Other Authorities**

Conn. Gen. Stat. Ann. § 52-572n(a) (West 2013) .................................................. 6

Ohio Rev. Code Ann. § 2307.71(B) (West 2011) ................................................... 6

**Rules**

Fed. R. Civ. P. 12(f) .......................................................................................... 3, 15

NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
S:\Holt.Globalinx\Pleading\Mtn.Strike\Mtn.Strike.doc

1   **I.      INTRODUCTION**

2       Plaintiff Jennifer Holt ("Plaintiff") alleges that Defendants Globalinx Pet LLC

3   and Globalinx Corporation (hereinafter collectively referred to as "Defendants")

4   manufactured, marketed, and sold chicken jerky dog treats that were unsafe and

5   deleterious to the health of dogs.  With the exception of her first (violation of implied

6   warranties) and second (violation of express warranties) causes of action, Plaintiff

7   purports to bring a nationwide class action on behalf of all consumers who purchased

8   "any dog treat product containing chicken jerky manufactured or sold by defendants

9   and containing chicken imported from China."  As to her first and second causes of

10  action, Plaintiff seeks to represent a class consisting of all persons in the United

11  States except Louisiana and Puerto Rico.

12      Plaintiff's attempt to bring this case as a largely national class action is

13  plagued with numerous legal and factual defects.  As a consequence, Plaintiff cannot

14  properly maintain this case as a class action.  Simply put, Plaintiff is attempting to

15  assert California claims on behalf of largely non-California residents, for transactions

16  that occurred largely outside of California.  Plaintiff, however, does not attempt to

17  allege facts that would make an extraterritorial application of California law comport

18  with the Constitution of the United States.  Accordingly, Plaintiff's proposed class is

19  unconstitutional and untenable for the following reasons:

20      First, maintaining a largely national class would violate the Fourteenth

21  Amendment's Due Process Clause because: (1) state laws governing Plaintiff's

22  asserted claims substantively conflict; (2) California lacks sufficient contacts with

23  each non-resident's claims; and (3) an extraterritorial application of California law

24  would preclude the non-residents from availing themselves of the laws of their

25  respective states.

26      Second, maintaining a nationwide class would violate the Commerce Clause

27  because an extraterritorial application of California law to the non-residents' claims

28  would impermissibly regulate out-of-state activity and infringe on other states'

1

NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
S:\Holt.Globalinx\Pleading\Mtn.Strike\Mtn.Strike.doc

1  sovereignty.  Third, maintaining a predominantly nationwide class would not
2  comport with the Full Faith and Credit Clause for the same reasons that maintaining
3  the proposed class would violate due process.

4        Finally, Plaintiff's request for attorney's fees in connection with her fraud
5  cause of action is deficient for the simple reason that Plaintiff offers no contractual or
6  statutory authority by which attorney's fees could be obtained.  Accordingly, this
7  Court should strike the aforementioned portions of Plaintiff's Complaint.

8  **II.     FACTUAL ALLEGATIONS**

9        Plaintiff sued Defendants on behalf of herself and all other consumers who
10 purchased certain dog treats manufactured, marketed, distributed, or sold by
11 Defendants.  Plaintiff alleges seven causes of action: (1) violation of implied
12 warranties; (2) violation of express warranties; (3) common law fraud; (4) unjust
13 enrichment; (5) negligence; (6) strict products liability (defect); and (7) strict
14 products liability (failure to warn).  Plaintiff's claims are predicated upon the faulty
15 assumption that the Kingdom Pets dog treats must have been defectively
16 manufactured because they were made in China.

17       With respect to Plaintiff's first (violation of implied warranties) and second
18 (violation of express warranties) causes of action, Plaintiff seeks to represent a "class
19 consist[ing] of all persons in the United States (except Louisiana and Puerto Rico)
20 who purchased any dog treat product containing chicken jerky manufactured or sold
21 by defendants and containing chicken imported from China, on or after a date four
22 years prior to the filing of this action."  Complaint ¶¶ 47, 59.  In Plaintiff's third
23 cause of action (common law fraud), Plaintiff seeks to represent a "class consist[ing]
24 of all persons who purchased any dog treat product containing chicken jerky
25 manufactured or sold by defendants and containing chicken imported from China, on
26 or after a date three years prior to the filing of this action."  Complaint ¶ 71.  Plaintiff
27 alleges an additional subclass of individuals "whose dogs suffered harm or death due
28 to the consumption of defendants' products."  Complaint ¶ 72.  Notably, Plaintiff

1 does not confine her proposed class to California residents and one must therefore

2 assume she is bringing it on behalf of consumers nationwide.  Notwithstanding this

3 ambiguity, Plaintiff also seeks to recover attorney's fees in connection with her fraud

4 claim.  Complaint ¶ 77(c).

5      In connection with Plaintiff's claim for unjust enrichment, Plaintiff seeks to

6 represent a "class consist[ing] of all persons who purchased any dog treat product

7 containing chicken jerky manufactured or sold by defendants and containing chicken

8 imported from China, on or after a date four years prior to the filing of this action."

9 Complaint ¶ 85.  As for her negligence cause of action, Plaintiff seeks to represent "a

10 class of all persons who purchased any dog treat product containing chicken jerky

11 manufactured or sold by defendants and containing chicken imported from China, on

12 or after a date four years prior to the filing of this action, whose dogs suffered harm

13 or death due to the consumption of defendants' products."  Complaint ¶ 95.

14      Finally, with respect to her strict liability causes of action, Plaintiff seeks to

15 represent a class "consist[ing] of all persons who purchased any dog treat product

16 containing chicken jerky manufactured or sold by defendants and containing chicken

17 imported from China, on or after a date four years prior to the filing of this action,

18 whose dogs suffered harm or death due to the consumption of defendants' products."

19 Complaint ¶¶ 111, 124.

20      In light of the foregoing, it appears that Plaintiff is seeking to represent a

21 nationwide class with respect to every cause of action with the exception of her

22 breach of implied and express warranty claims.  As more fully set forth below, the

23 Court should strike the aforementioned allegations.

24 **III.   PLAINTIFF'S CLASS ALLEGATIONS ARE UNCONSTITUTIONAL**

25      **A.   Legal Standard On Motion To Strike**

26      A defendant may move to strike from a complaint "any redundant, immaterial,

27 or impertinent and scandalous matter."  Fed. R. Civ. P. 12(f).  The function of a

28 motion to strike "is to avoid the expenditure of time and money that must arise from

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
S:\Holt.Globalinx\Pleading\Mtn.Strike\Mtn.Strike.doc

1   litigating spurious issues by dispensing with those issues prior to trial." *Sidney-*

2   *Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  Under Rule 12(f), a

3   defendant may move to strike class allegations prior to discovery where the

4   complaint demonstrates that a class action cannot be maintained on the facts alleged.

5   *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 941 (9th Cir. 2009).  As the

6   Supreme Court has explained, "[s]ometimes the issues are plain enough from the

7   pleadings to determine whether the interests of absent parties are fairly encompassed

8   within the named plaintiff's claim."  *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S.

9   147, 160, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982).

10         The Court may therefore strike the Plaintiff's class allegations at this stage in

11   the suit.  No subsequent developments in this action, including discovery, will alter

12   the fact that the laws of the several states at issue here are in conflict.  Nor will any

13   subsequent developments cure the constitutional deficiency in Plaintiff's Complaint,

14   which fails to allege a sufficient nexus between California and the non-resident class

15   members who purchased Defendants' products outside of California from third-party

16   retailers.  Finally, deferring a decision on the propriety of the class allegations would

17   unfairly force the Defendants to withstand discovery on broad, untenable claims,

18   needlessly incurring significant expenses-all while the defect is obvious on the face

19   of the Complaint.  This is the precise result Rule 12(f) is designed to prevent.

20   *Sidney-Vinstein*, 697 F.2d at 885.  The nationwide class allegations, therefore, should

21   be stricken.

22       **B.**     **Plaintiff's Proposed Nationwide Class Does Not Comport With The**

23               **Fourteenth Amendment's Due Process Clause**

24         The Fourteenth Amendment's Due Process Clause provides, "[n]o State

25   shall…deprive any person of life, liberty, or property, without due process of law."

26   U.S. Const. amend. XIV, § 1.  The United States Supreme Court has held that

27   applying a forum state's substantive law to a nationwide class, when the alleged

28   conduct had little to do with the forum, violates due process.  *Phillips Petroleum Co.*

4

NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
S:\Holt.Globalinx\Pleading\Mtn.Strike\Mtn.Strike.doc

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1   *v. Shutts*, 472 U.S. 797, 821-24, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985).  Under the

2   *Shutts* framework, courts test the constitutionality of a nationwide class by

3   determining: (1) whether the forum state's law conflicts with the law of another

4   jurisdiction that has an interest in the case, and (2) whether there is a sufficient nexus

5   between the non-resident putative class members and the forum state.  *Id.* at 816-819.

6       *In re Graphics Processing Units Antitrust Litigation*, 527 F.Supp.2d 1011,

7   1027 (N.D. Cal. 2007) is illustrative.  In that class, the plaintiffs attempted to bring

8   claims on behalf of a nationwide class under California's Cartwright Act and Section

9   17200 of California's Business and Professions Code.  *Id.* at 1018.  The defendants

10  effectively moved to strike all references to a nationwide class because the

11  extraterritorial application of California's laws would violate due process.  *Id.* at

12  1027.  After applying the *Shutts* framework, the court found a conflict between

13  California law and other states laws.  *Id.*  In particular, California had permitted

14  indirect purchasers to recover damages for antitrust violations under state law, but

15  other states had declined to do so.  *Id.*  Accordingly, the Court found that "allowing a

16  nationwide class based on California antitrust law would allow residents of some

17  states" to pursue claims "where their respective state governments have declined to

18  allow them." *Id.*

19       Under the second prong of the *Shutts* test, the Court found an insufficient

20  nexus between California and the non-residents because "not all plaintiffs have

21  alleged that they bought [the defendants' products] in California, or that defendants

22  produced [their product] in California, or even that the alleged [conspiratorial

23  activity] took place in California."  *Id.* at 1028.  In sum, the Court declined to have

24  other states' laws "tossed overboard and their residents remitted to California law for

25  transactions that, for individual consumers, are local in nature." *Id.* at 1028.

26  Accordingly, the Court granted the defendants' motion to strike all references to

27  Plaintiff's proposed classes.

28  / / /

NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
S:\Holt.Globalinx\Pleading\Mtn.Strike\Mtn.Strike.doc

1    Following *Shutts* and *Graphics Processing*, it is clear that Plaintiff's proposed

2    classes herein would violate the parties' due process rights because: (1) state laws

3    governing Plaintiff's seven causes of action conflict; (2) California lacks significant

4    contacts with each non-resident's claims; and (3) applying California law onto the

5    non-residents would prevent them from availing themselves of their states' laws.

6              1.    **California law substantively conflicts with other states' laws**

7                    **with regard to Plaintiff's claims**

8          To analyze the due process issue under *Shutts*, a court must first determine if

9    the states' laws conflict. *Shutts*, 472 U.S. at 816.  Here, Plaintiff's proposed classes

10   would violate due process because the California laws that Plaintiff relies upon

11   substantively conflict with other states' laws.

12             a.    **Unlike California, many jurisdictions prohibit**

13                   **individuals from bringing warranty and negligence**

14                   **claims in a product defect suit**

15         Unlike California, some jurisdictions prevent litigants from asserting claims

16   for breach of express and implied warranty and negligence in the context of a

17   product defect suit.  Indeed, several states have products liability statutes that limit

18   the kind of claims that can be brought based on allegations of a product defect.  By

19   way of example, under Connecticut's Product Liability Act, a product liability claim

20   "shall be in lieu of all other claims against product sellers, including actions of

21   negligence, strict liability, and warranty, for harm caused by a product."  Conn. Gen.

22   Stat. Ann. § 52-572n(a) (West 2013).  Accordingly, a litigant in Connecticut may not

23   bring a warranty or negligence claim in connection with his or her products liability

24   cause of action.

25         Similarly, the Ohio Products Liability Act "abrogate[s] all common law

26   product liability claims or causes of action."  Ohio Rev. Code Ann. § 2307.71(B)

27   (West 2011).  As an illustration, an Ohio court dismissed a plaintiff's claims for

28   negligence, breach of express warranty, and breach of implied warranty of

NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
S:\Holt.Globalinx\Pleading\Mtn.Strike\Mtn.Strike.doc

1   merchantability in a products liability suit because of that statute. *Hempy v. Breg,*

2   *Inc.*, No. 2:11-CV-900, 2012 WL 380119, *2-3 (S.D. Ohio Feb. 6, 2012).  The same

3   is true in the state of Washington, where the Washington Product Liability Act

4   ("WPLA") is "the exclusive remedy for product liability claims." *Macias v.*

5   *Saberhagen Holdings, Inc.*, 282 P.3d 1069, 1073 (Wash. 2012).  In other words, the

6   WPLA "supplants all common law claims or actions based on harm caused by a

7   product." *Id.* Accordingly, a Washington resident would be precluded from bringing

8   claims of breach of implied and express warranty and negligence against Defendants.

9              **b.    California's express warranty law conflicts with laws**

10                      **from other states**

11         Plaintiff references the Uniform Commercial Code as the basis for her breach

12   of implied and express warranty causes of action in an attempt to confuse the court

13   into believing that the elements of these claims are uniform throughout the country

14   (with the exception of Louisiana and Puerto Rico).  Nothing could be further from

15   the truth.

16         As the Fifth Circuit explained, "there are numerous variations in the

17   substantive laws of express and implied warranty." *Cole v. General Motors Corp.*,

18   484 F.3d 717, 726 (5th Cir. 2007).  Specifically, "the laws of the jurisdictions vary

19   with regards to…whether plaintiffs must demonstrate reliance." *Id.*

20         By way of example, to create an express warranty under UCC § 2-313, "an

21   'affirmation of fact or promise' or a 'description of the goods' by the seller must be

22   part of the 'basis of the bargain.'" *Cole*, 484 F.3d at 726.  However "there is a clear

23   split of authority among the jurisdictions as to whether a buyer must show reliance

24   on a statement or representation for it to be considered part of the 'basis of the

25   bargain.'" *Id.*  Minnesota,[1] Kentucky,[2] and Oklahoma[3] all require a strict showing of

26   _____

27   [1] *Hendricks v. Callahan*, 972 F.2d 190, 193 (8th Cir. 1992).

28   [2] *Overstreet v. Norden Laboratories, Inc.*, 669 F.2d 1286, 1291 (6th Cir. 1982).

GREEN&HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1  reliance.  In California, however, a "breach of express warranty arises in the context
2  of contract formation in which reliance plays no role."  *Weinstat v. Dentsply Int'l,*
3  *Inc.*, 180 Cal.App.4th 1213, 1227, 103 Cal.Rptr.3d 614 (2010).  For this reason,
4  courts "routinely hold that…warranty claims are difficult to maintain on a
5  nationwide basis and rarely are certified."  *Sanders v. Apple, Inc.*, 672 F.Supp.2d
6  978, 991 (N.D. Cal. 2009).

7          Finally, it is worth noting that Plaintiff's citation to the Magnuson-Moss
8  Warranty Act ("MMWA") is of little practical significance.  The MMWA "provides
9  a federal cause of action for state law express and implied warranty claims."
10  *Horvath v. LG Electronics Mobilecomm U.S.A., Inc.* No. 3:11-CV-01576-H-RBB,
11  2012 WL 2861160, *8 (S.D. Cal. Feb. 13, 2012).  Since there is no uniform
12  application of state warranty claims, as evidenced by the conflicts highlighted above,
13  the MMWA cannot serve as a body of law that would universally apply to all
14  members of the class.

15                     c.    **California's common law of fraud conflicts with the**
16                           **common law in other states**

17          Common law fraud varies from state to state.  *Simon v. Merrill Lynch, Pierce,*
18  *Fenner & Smith, Inc.*, 482 F.2d 880, 883 (5th Cir. 1973).  For example, to state a
19  claim for fraud under California law, the plaintiff must establish an "intent to
20  deceive,"[4] while other states do not have a similar requirement.[5]  The standards for
21  determining materiality also differ.  California applies an objective "reasonable
22  person" test,[6] while others apply a subjective "but for" test that considers whether the

23  _____

24  (…Continued)
25  [3] *Speed Fastners, Inc. v. Newsom*, 382 F.2d 395, 397 (10th Cir. 1967).
26  [4] *Mendoza v. Ruesga*, 169 Cal.App.4th 270, 284, 86 Cal.Rptr.3d 610 (2008).
27  [5] *Foiles v. Midwest Street Rod Ass'n*, 578 N.W.2d 418, 422 (Neb. 1998).
28  [6] *In re Tobacco II Cases*, 46 Cal.4th 298, 327, 93 Cal.Rptr.3d 559 (2009).

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1  alleged fraud actually induced the plaintiff to act.[7]  Accordingly, fraud claims are

2  also difficult to maintain on a nationwide basis and rarely are certified.  *Sanders*, 672

3  F.Supp.2d at 991.

4              d.      **Unlike many other states, California does not recognize**

5                      **unjust enrichment as a freestanding cause of action**

6          The "elements necessary to establish a claim for unjust enrichment also vary

7  materially from state to state."  *Mazza v. American Honda Motor Co.*, 666 F.3d 581,

8  591 (9th Cir. 2012).  Indeed "the majority of state and federal district courts in

9  California do not recognize unjust enrichment as a freestanding claim."  *Forcellati v.*

10  *Hyland's, Inc.*, 876 F.Supp.2d 1155, 1166 (C.D. Cal. 2012).

11         It is anticipated that Plaintiff will cite *Keilholtz v. Lennox Hearth Products,*

12  *Inc.*, 268 F.R.D. 330, 341 (N.D. Cal. 2010) in support of her argument that a national

13  class may maintain an unjust enrichment cause of action.  In *Keilholtz*, the Court

14  found that "variations among some states' unjust enrichment laws are not material

15  because they do not significantly alter the central issue or the manner of proof" in

16  that particular case.  *Id.*

17         Any reliance on *Keilholtz* would be unfounded.  First, the *Keilholtz* ruling was

18  issued two years prior to *Mazza*, a decision in which the Ninth Circuit found that the

19  elements for a claim of unjust enrichment do in fact "vary *materially* from state to

20  state."  *Mazza*, 666 F.3d at 591 (Emphasis added).  Moreover, the *Keilholtz* ruling

21  precedes the Central District of California's recognition in *Forcellati* that unjust

22  enrichment is no longer a viable cause of action in and of itself.  Finally, the

23  *Keilholtz* ruling ignores the fact that at least one other state does not recognize unjust

24  enrichment as a stand-alone cause of action.  Under Texas law, the state in which

25  Plaintiff resides, unjust enrichment "is not an independent cause of action but is

26

27  [7] *Fisher v. Yates*, 953 S.W.2d 370, 378 (Tex. App. 1997).

28

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1  instead a measure of damages which places the aggrieved plaintiff in the position he

2  occupied prior to dealing with the defendant." *Oxford v. Williams Companies, Inc.*,

3  137 F.Supp.2d 756, 762 (E.D. Tex. 2001).

e.   **California's strict liability jurisprudence conflicts with**
**other states' laws**

6  California applies a strict liability analysis to defective design.  Not all states

7  follow that approach, however.  Ohio, for example, applies a negligence standard in a

8  defective product design case.  *Birchfield v. Int'l Harvester Co.*, 726 F.2d 1131, 1138

9  (6th Cir. 1984).  Ohio law is clear that "in a defective design case, there is no

10  practical difference between strict liability and negligence."  *Id.*  By contrast,

11  California provides for two sophisticated tests for design defects.  "[A] product may

12  be found defective in design if the plaintiff demonstrates that the product failed to

13  perform as safely as an ordinary consumer would expect when used in an intended or

14  reasonably foreseeable manner."  *Johnson v. Honeywell Int'l, Inc.*, 179 Cal.App.4th

15  549, 558, 101 Cal.Rptr.3d 726 (2009) (internal quotations omitted).  Alternatively, "a

16  product may be found defective in design, even if it satisfies ordinary consumer

17  expectations, if through hindsight the jury determines that the product's design

18  embodies 'excessive preventable danger,' or in other words, if the jury finds that the

19  risk of danger inherent in the challenged design outweighs the benefits of such

20  design."  *Id.*

21  Similarly, California has affirmed that "failure to warn in strict liability differs

22  markedly from failure to warn in the negligence context."  *Anderson v. Owens-*

23  *Corning Fiberglas Corp.*, 53 Cal.3d 987, 1002, 281 Cal.Rptr.528 (1991).  As the

24  California Supreme Court explained, "in strict liability, as opposed to negligence, the

25  reasonableness of the defendant's failure to warn is immaterial."  *Id.* at 1002-03.  On

26  the other hand, the Iowa Supreme Court has opined that "a failure to warn claim for

27  damages is under a theory of negligence and the claim should not be submitted as a

28  theory of strict liability."  *Olson v. Prosoco, Inc.*, 522 N.W.2d 284, 289 (Iowa 1994).

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1  As the *Olson* Court stated, "[m]aintaining the distinction to justify submission of
2  failure to warn claims under both strict liability and negligence theories is a vain
3  effort." *Id.*

4          2.      **Insufficient contacts exist to apply California law to all claims**
5                  **nationwide**

6          Nor can Plaintiff establish that California has sufficient contacts with the non-
7  resident putative class members to permit an extraterritorial application of its laws in
8  a manner consistent with the Constitution.  If other states' laws are different from
9  California's, then California "must have 'a significant contact or significant
10 aggregation of contacts' to the claims of *each member of the plaintiff class*…to
11 ensure that the choice of [its] law is not arbitrary or unfair."  *Shutts*, 472 U.S. at 821-
12 22 (emphasis added).  Here, the non-residents' claims do not have sufficient contacts
13 with California to satisfy due process.

14         First, as Plaintiff expressly alleges, the Defendants' purported representations
15 "were relied upon by plaintiff, and by consumers nationwide."  Complaint ¶ 28.  By
16 definition, the majority of potential class members reside across the nation.  This
17 allegation raises grave constitutional concerns in and of itself.  As the Court in
18 *Graphics Processing* explained, there must be "sufficient contacts to warrant the
19 application of California law to other states."  *Graphics Processing*, 527 F.Supp.2d
20 at 1028.  In that case, the Court found an insufficient nexus between California and
21 the non-residents because "not all plaintiffs have alleged that they bought [the
22 defendants' products] in California, or that defendants produced [their product] in
23 California, or even that the alleged [conspiratorial activity] took place in California."
24 *Id.*  Accordingly, the *Graphics Processing* Court found that the plaintiffs had not
25 "pleaded or otherwise shown sufficient contacts to warrant the application of
26 California law to other states."  *Id.*

27         Plaintiff's allegations are similarly insufficient.  Here, Plaintiff alleges that the
28 offending products were made in China, casting significant doubt on California's

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

11

1  role in this suit.  Complaint ¶ 21.  Additionally, because Plaintiff is bringing a

2  national class action, one can logically assume that Plaintiff would readily admit that

3  purchases of the Defendants' products were not confined to California.  Based on

4  these facts alone, Plaintiff's allegations have not shown sufficient contacts to warrant

5  the application of California law to other states.

6      In fact, the only connection that Plaintiffs allege that Defendants have with

7  California is their place of business and state of incorporation.  Complaint ¶¶ 7, 8.

8  But as one Court explained, "the existence of personal jurisdiction over the defendant

9  does not alone permit application of the forum law to the claims of nonresident

10  plaintiffs."  *Norwest Mortgage, Inc. v. Superior Court*, 72 Cal.App.4th 214, 226, 85

11  Cal.Rptr.2d 18 (1999).  The "forum still must have significant contact or a significant

12  aggregation of contacts to the claims asserted by each member of the plaintiff class

13  to ensure that application of the forum law to each plaintiff's claim is not arbitrary or

14  unfair."  *Id.*

15      *Norwest Mortgage* is instructive.  There, the defendant was incorporated and

16  did business in California.  *Id.*  However the defendant's headquarters and principal

17  place of business, the place the class members were injured, and the place the injury-

18  producing conduct occurred were outside California.  *Id.* at 227.  The Court therefore

19  concluded that the application of California law to the class members would be

20  arbitrary and unfair and transgress due process limitations.  *Id.* at 227.  It further

21  justified its opinion on the fact that "there [was] no basis to conclude any non-

22  Californian expected California law would govern his claim."  *Id.* at 227 n.16.

23      Similar facts are present here.  Plaintiff has alleged that Globalinx Pet LLC

24  does business in California and Globalinx Corporation was incorporated in

25  California.  Complaint ¶¶ 7-8.  In light of the Plaintiff's national class allegations,

26  however, the place the class members were injured (including the named Plaintiff)

27  and the place the products were sold necessarily took place outside of California.

28  Moreover, it could hardly have been the expectation for non-resident class members

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1  to have their claims adjudicated in California.  For example, a Mississippi resident

2  who purchased the Defendants' products from a retailer in Mississippi and suffered

3  injury there would not have anticipated that California law would control his or her

4  claims.  These factors therefore militate in favor of a finding that California does not

5  have significant contacts to the claims asserted by each non-resident class member.

6      **3.    Applying California law denies non-residents the option of**

7            **suing under their states' laws**

8        Finally, a nationwide class imposing California law onto non-residents' claims

9  denies non-residents the due process rights of availing themselves of their own

10  states' laws.  By way of example, the Third Circuit has interpreted *Shutts* to stand for

11  the proposition that "each plaintiff in this case has the right to have its claims judged

12  according to the law of its jurisdiction."  *In re Sch. Asbestos Litig.*, 977 F.2d 764, 797

13  (3d Cir. 1992).  Indeed, "[f]ew matters could be deemed more appropriately the

14  concern of the state in which the injury occurs or more completely within its power."

15  *Pac. Employers Ins. Co. v. Indus. Accident Comm'n*, 306 U.S. 493, 503, 59 S.Ct. 629

16  (1939).  Plaintiff's attempt to force California law onto the non-resident class

17  members' claims would therefore be unfair and arbitrary.

18        Accordingly, based on this and the other *Shutts* factors, the Court should strike

19  Plaintiff's class allegations.

20      **C.    Plaintiff's Proposed Nationwide Class Violates The Commerce**

21            **Clause**

22        The Commerce Clause provides that "Congress shall have Power…[t]o

23  regulate Commerce with foreign Nations, and among the several States."  U.S.

24  Const. art. I, § 8, cl. 3.  The Supreme Court "long has recognized that this affirmative

25  grant of authority to Congress also encompasses an implicit or 'dormant' limitation

26  on the authority of the States to enact legislation affecting interstate commerce."

27  *Healy v. Beer Inst., Inc.*, 491 U.S. 324, 325 n. 1, 109 S.Ct. 2491, 105 L.Ed.2d 275

28  (1989).  The Constitution has a "special concern both with the maintenance of a

13

NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
S:\Holt.Globalinx\Pleading\Mtn.Strike\Mtn.Strike.doc

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1  national economic union unfettered by state-imposed limitations on interstate

2  commerce and with the autonomy of the individual States within their respective

3  spheres." *Id.* at 335-36.

4      This Court's application of California law to all claims in this potentially

5  national case and the resulting judgments would fall under the type of state action

6  limited by the dormant Commerce Clause.  This is because a system of tort or

7  statutory laws imposing liability is a form of regulation subject to Commerce Clause

8  constraints.  As the Supreme Court has explained, "a State may not impose economic

9  sanctions on violators of its laws with the intent of changing the tortfeasors' lawful

10  conduct in other States."  *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 572,

11  116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

12      Moreover, Commerce Clause jurisprudence concerning the extraterritorial

13  effects of state economic regulation makes clear that the Constitution "precludes the

14  application of a state statute to commerce that takes place wholly outside of the

15  State's borders, whether or not the commerce has effects within the State[.]"  *Healy*,

16  491 U.S. at 336 (internal quotations omitted).  Additionally, non-residents are

17  protected by their particular state's laws, regulations, and common law regimes, and

18  the Commerce Clause mandates that those policies be respected.  *Id.* at 336-37.

19  Accordingly, for the same reasons Plaintiff's proposed national class would violate

20  the Due Process Clause, it would run afoul of the Commerce Clause by

21  impermissibly regulating out-of-state activity.  Plaintiff's class allegations, therefore,

22  should be stricken.

23  **D.      Plaintiff's Proposed Classes Violate The Full Faith And Credit**

24  **Clause**

25      Applying California law to the non-resident putative class members' claims

26  also exceeds the constitutional constraints of the Full Faith and Credit Clause.  The

27  Full Faith and Credit Clause provides that "Full Faith and Credit shall be given in

28  each State to the public Acts, Records, and judicial Proceedings of every other

1   State." U.S. Const. art. IV, § 1. Full faith and credit analysis has meaning outside

2   the judgment-enforcement context. *Franchise Tax Bd. of California v. Hyatt*, 538

3   U.S. 488, 494, 123 S.Ct. 1683, 155 L.Ed.2d 702 (2003) (recognizing that the Clause

4   has application to "choice of law" analysis). Outside the judgment-enforcement

5   context, the concern is that a state will intrude on another state's sovereignty by

6   inappropriately applying the forum state's law to an extraterritorial dispute. *Shutts*,

7   472 U.S. at 821-23 (invalidating extraterritorial application of forum state's

8   substantive law on full faith and credit grounds).

9        For the same reasons that applying California law to the non-residents' claims

10  in this case would violate due process, it would also violate the Full Faith and Credit

11  Clause. The full faith and credit analysis mirrors the due process analysis. To

12  paraphrase the Supreme Court in *Shutts*, "[n]either the Due Process Clause nor the

13  Full Faith and Credit Clause requires [California] to substitute for its own [laws],

14  applicable to persons and events within it, the conflicting statute of another

15  state,...*but [California] may not abrogate the rights of parties beyond its borders*

16  *having no relation to anything done or to be done within them*." *Shutts*, 472 U.S. at

17  822 (internal citations and quotation marks omitted; emphasis added). Applying

18  California law to all claims, therefore, violates the Full Faith and Credit Clause.

19  Accordingly, the Court should strike Plaintiff's class allegations under Rule 12(f).

20  **IV.   THE PRAYER FOR ATTORNEY'S FEES SHOULD BE STRICKEN**

21         **ABSENT A VIABLE STATE LAW CLAIM**

22        In conjunction with her fraud cause of action, Plaintiff asks in her prayer for

23  "[a]ttorney's fees, litigation expenses, and costs of suit." Complaint ¶ 77(c). The

24  request for attorney's fees is entirely improper. "In a federal action, state law is

25  relevant to assess 'whether the contractual attorney's fee obligation was valid and

26  enforceable.'" *Altman v. PNC Mortg.*, 850 F.Supp.2d 1057, 1086 (E.D. Cal. 2012).

27  California Code of Civil Procedure Section 1021 only permits the recovery of

28  attorney fees pursuant to a contract or else "specifically provided for by statute."

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1  Cal. Civ. Proc. Code § 1021.  If a complaint fails to reference a complaint or a statute

2  allowing for the recovery of attorney's fees, then the request for attorney's fees must

3  be stricken. *Altman*, 850 F.Supp.2d at 1087.

4        Here, Plaintiff's complaint does not allege a breach of a written agreement

5  with an attorney's fees provision nor a statute entitling Plaintiff to an award of

6  attorney's fees based on a fraud cause of action.  Thus, in the "absence of a statutory

7  or contractual basis for attorney fees, the complaint lacks sufficient allegations for an

8  attorney fees award to plaintiffs." *Altman*, 850 F.Supp.2d at 1087.  Accordingly, the

9  Court should strike Plaintiff's request for attorney's fees in connection with her

10 fraud-based cause of action.

11 **V.**      **PLAINTIFF'S COMPLAINT VIOLATES LOCAL RULE 23-2.2(g)**

12       Finally, Plaintiff's Complaint fails to comply with Local Rule 23-2.2(g).

13 Local Rule 23-2.2(g) expressly states that in the context of a class action suit,

14 Plaintiff set forth "[t]he nature of notice to the proposed class required and/or

15 contemplated."  Nowhere in the Complaint does Plaintiff set forth the nature of the

16 notice to her proposed class.  Plaintiff's failure to comply with Local Rule 23-2.2(g)

17 is emblematic of the deficiencies that plague her Complaint.

18 **VI.**      **CONCLUSION**

19       For the reasons set forth above, it is respectfully suggested that this Court

20 strike the aforementioned portions of Plaintiff's Complaint.

21

22 Dated:  February 21, 2013            GREEN & HALL, A PROFESSIONAL
                                             CORPORATION

23

24

25                               By: /s/ Robert L. Green
                                    Robert L. Green

26                                   Attorneys for Defendants
                                  GLOBALINX PET, LLC and

27                                   GLOBALINX CORPORATION

28

NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

S:\Holt.Globalinx\Pleading\Mtn.Strike\Mtn.Strike.doc

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record, this 21st day of February, 2013:

| | |
|---|---|
| Shawn Khorrami, Esq.<br>Khorrami, LLP<br>444 South Flower Street, 33rd Floor<br>Los Angeles, CA 90071<br>(213) 596-6000; Fax: (213) 596-6010<br>skhorrami@khorrami.com<br><br>Attorneys for Plaintiff | Daniel A. Edelman, Esq.<br>Thomas E. Soule, Esq.<br>Edelman, Combs, Latturner & Goodwin, LLC<br>120 South LaSalle Street, 18th Floor<br>Chicago, IL 60603<br>(312) 739-4200; Fax: (312) 419-0379<br>dedelman@edcombs.com<br>tsoule@edcombs.com<br>Attorneys for Plaintiff |

I declare under penalty of perjury that the foregoing is true and correct.  Executed on this 21st day of February, 2013, at Santa Ana, California.

/s/ Robert L. Green, Esq.
Robert L. Green, Esq.