1
2
3
4
5
6
7
8
9

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10
11

JENNIFER HOLT, et al,

12

Plaintiff,

13

v.

14
15

GLOBALINX PET LLC, et al,

16
17

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 8:13CV41 DOC (JPRx)
Hon. David O. Carter, J., presiding
Hon. Jean P. Rosenbluth, M.J., on referral
DEPT: 9D

PROTECTIVE ORDER
(Fed.R.Civ.P. 26(c))

18    This Court, mindful of holdings relevant to the entry of protective orders

19 regarding confidential information (see, *e.g.*, *In re Roman Catholic Archbishop*

20 *of Portland in Oregon*, 661 F.3d 417, 424-425 (9th Cir. 2011)), and having

21 found good cause under Fed.R.Civ.P. 26(c) to protect from disclosure (a)

22 sensitive information relating to the sickness or death of pets, (b) sensitive

23 personal financial information (such as, *e.g.*, account numbers and social

24 security numbers), and (c) sensitive corporation information (such as, *e.g.*,

25 trade secrets regarding the production of chicken jerky dog treats, financial

26 records, and the content of contracts), now enters the following protective

27 order, as follows:

28

1.     This order is for the convenience of the parties and this Court. Any member of the public, any party to this action, and any third-party participant in discovery may move, at any time, for any relief from this order, modification of this order, or the public disclosure of any document in the record that is filed under seal. This Court will, on good cause shown, provide such relief to the public, or the parties, taking into due consideration the interests of justice, of the public, and of the parties. This Court may also enter such orders as it sees fit, on its own motion, relevant to the production or publication of documents.

2.     All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents") – and including any documents produced through third-party discovery (by subpoena or otherwise) shall be subject to this order concerning "Confidential Information, " consistent with all applicable rules of procedure.

3.     "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories:

    (A)    information prohibited from disclosure by statute;

    (B)    information that reveals trade secrets;

    (C)    research, technical, commercial or financial information that the party has maintained as confidential;

    (D)    medical information concerning any individual (including

animals);

(E)   personal identity information;

(F)   income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or

(G)   personnel or employment records of a person who is not a party to the case.

4.   Information or documents that are available to the public may not be designated as Confidential Information.

5.   A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to, or at the time of, the disclosure or production of the documents. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the

3                    Protective Order

Confidential Information are not required to be marked.

6. The designation of a document as Confidential Information is a certification that the document contains Confidential Information as defined in this order.

7. Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given.  Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

8. Confidential Information shall not be publicly disclosed, or used for any purpose whatsoever other than in this litigation, including any appeal thereof.  Notwithstanding this, the following persons are entitled to see Confidential Information, and are bound by the Order's requirements:

   (A) Counsel for the parties, and employees of counsel who have responsibility for the action;

   (B) Individual parties, and employees of a party, but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the

litigation in which the information is disclosed;

(C)   The Court and its personnel;

(D)   Court reporters and recorders engaged for depositions;

(E)   Persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(F)   Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action (but only after such persons have completed the certification contained in Attachment A, entitled "Acknowledgment of Understanding and Agreement to Be Bound");

(G)   Witnesses in this action to whom disclosure is reasonably necessary (who shall not retain a copy of such Confidential Information);

(H)   The author or recipient of the document (not including a person who received the document in the course of litigation); and

(I)   Any other persons only by written consent of the producing party or upon order of the Court, and on such conditions as may be agreed or ordered.

9.   Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

Protective Order

10. An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document – *provided, however*, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

11. This Order does not, by itself, authorize the filing of any document under seal. Parties must comply with Local Rule 79-5 when seeking to file any document under seal.

12. Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

13. The designation of any material or document as Confidential Information is subject to challenge by any party.  Local Rules 37-1, 37-2 and 79-5 apply to any such challenges and must be complied with before seeking relief from the Court; this includes,

Protective Order

specifically, (a) the requirement that the parties prepare the joint stipulation required by Local Rule 37-2, and (b) the requirement that parties must seek leave to submit documents under seal, or for *in camera* review, pursuant to Local Rule 79-5.  In resolving such challenges, the burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

14.    Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

15.    Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

16.    If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information,

Protective Order

the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue. The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

17.  A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

18.  Unless otherwise agreed or ordered, this Order shall remain in

Protective Order

force after dismissal or entry of final judgment not subject to further appeal.

19.   Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶5, shall be returned to the producing party unless:

(A)   the document has been offered into evidence or filed without restriction as to disclosure;

(B)   the parties agree to destruction to the extent practicable in lieu of return; or

(C)   as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

20.   Notwithstanding the above requirements to return or destroy documents, counsel may retain:

(A)   attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information; and

(B)   one complete set of all documents filed with the Court including those filed under seal.

Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not

9                      Protective Order

disclose or use Confidential Information.

21.    This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Fed.R.Civ.P. 26(c) or otherwise, until such time as the Court may rule on a specific document or issue.

22.    This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

SO STIPULATED on May 10, 2013:

/s/ Thomas E. Soule                        /s/ Robert L. Green
Thomas E. Soule                            Robert L. Green
Edelman Combs Latturner & Goodwin LLC      Green & Hall APC
120 S. LaSalle Street, Suite 1800          1851 East First Street, 10th Floor
Chicago, Illinois  60603                   Santa Ana, California 92705
(312) 739-4200                             (714) 918-7000
(312) 419-0379 (fax)                       (714) 918-6996 (fax)
tsoule@edcombs.com                         rlgreen@greenhall.com

*Attorneys for plaintiff*                  *Attorneys for defendants*

AND SO ORDERED on May 17, 2013:


_____ ,
JEAN P. ROSENBLUTH
UNTIED STATES MAGISTRATE JUDGE

10                                         Protective Order

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

JENNIFER HOLT, et al,

                 Plaintiff,

      v.

GLOBALINX PET LLC, et al,

               Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 8:13CV41 DOC (JPRx)
Hon. David O. Carter, J., presiding
Hon. Jean P. Rosenbluth, M.J., on referral
DEPT: 9D

**ACKNOWLEDGEMENT AND**
**AGREEMENT TO BE BOUND**

*(Attachment A to Protective Order)*

      The undersigned hereby acknowledges receipt of the Protective Order entered on _____ in the above-captioned action, which is attached.

      The undersigned understands the Protective Order's terms, and agrees to be bound by it.

      The undersigned submits to the jurisdiction of the U.S. District Court for the Central District of California in matters relating to the Protective Order, will use "Confidential Information" solely for the purposes of the litigation named above, agrees to not disclose any such Confidential Information to any other person or entity, and understands that violation of the Protective Order may carry with it penalties for contempt of court.

SIGNATURE:    _____

NAME:           _____

ADDRESS:      _____

                       _____

Protective Order